Stephen A. Dennis/Bar No. 111401
sdennis@thoits.com
Andrew P. Holland/Bar No. 224737
aholland@thoits.com
Michael Y. Hsueh/Bar No. 286548
mhsueh@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone:  (650) 327-4200
Facsimile:  (650) 325-5572

**Attorneys for Plaintiff**
**Skyline Advanced Technology Services**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **SKYLINE ADVANCED TECHNOLOGY SERVICES**, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SABRINA SHAFER**, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1) **BREACH OF CONTRACT**<br>2) **BREACH OF FIDUCIARY DUTY**<br>3) **BREACH OF LOYALTY**<br>4) **FRAUDULENT CONCEALMENT**<br>5) **FRAUDULENT MISREPRESENTATION**<br>6) **NEGLIGENT MISREPRESENTATION**<br>7) **CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Skyline Advanced Technology Services ("Plaintiff" or "Skyline") hereby brings this Complaint against Sabrina Shafer ("Defendant" or "Ms. Shafer"), and alleges as follows:

## THE NATURE OF THE ACTION

1. Skyline brings this action seeking damages resulting from a former employee's

scheme with third parties to overcharge a Skyline customer for her own and the third parties' benefit but to the detriment of Skyline and its customer. Skyline also brings this action to recover damages resulting from fraudulently submitted expense reimbursements by the former employee and for the return of company laptops containing highly sensitive and confidential information.

## THE PARTIES

2.  Skyline is a California corporation with its corporate headquarters located at 490 Division Street, Campbell, CA 95008. Skyline is a leading provider of training, professional services, and hardware sales for Cisco Systems, Inc. ("Cisco")'s products and Skyline is a Certified Gold Partner of Cisco. Skyline assists businesses with their networking needs by designing and implementing network solutions and providing related training.

3.  Ms. Shafer is a former employee of Skyline and, on information and belief, is a resident of the state of Illinois. Ms. Shafer is currently a licensed attorney in the state of Illinois.

4.  Skyline is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Skyline will amend the complaint to allege their true names and capacities when ascertained. Skyline is informed and believes, and based upon such information and belief, alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Skyline's losses as herein alleged were proximately caused by such wrongful acts and omissions.

## JURISDICTION

5.  This Court has jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000 and is between citizens of different states.

## VENUE

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District. Skyline and its customer, Cisco, are both headquartered in this District. Ms. Shafer

was an employee of Skyline who was responsible for sales territories on the west coast, including California, and her breaches of duty as alleged in this action occurred in this District.

## FACTUAL BACKGROUND

7. Ms. Shafer began working for Skyline in or around February 2016 as the Director of Training and Services Sales. In addition to her duties in this role, Ms. Shafer, who is a licensed Illinois attorney, from time to time provided legal counsel and support to Skyline. Ms. Shafer's compensation consisted of a six-figure base salary that was significantly augmented by commissions earned from sales of Skyline products and services.

8. During her employment with Skyline, Ms. Shafer developed a romantic relationship with Joe Onisick ("Mr. Onisick"), a representative of Skyline's customer, Cisco. Despite the fact that such a relationship led, at a minimum, to a potential conflict of interest and required full disclosure to both Skyline and Cisco, Ms. Shafer did not disclose this relationship. Ms. Shafer also did not disclose other previous and simultaneous inappropriate relationships with other customer representatives.

9. Because Skyline is a Certified Gold Partner of Cisco, Skyline is one of the few select vendors authorized by Cisco to provide certain services. Because of this limitation, Cisco will often have a non-partner vendor enter into a contract with Skyline to provide services to Cisco. Xentaurs, LLC ("Xentaurs") is one such non-partner vendor who entered into a contract with Skyline to provide services to Cisco.

10. On information and belief, Mr. Onisick was surreptitiously working for both Cisco and Xentaurs at the same time. As a result, Mr. Onisick participated on both sides of the negotiation for the Statement of Work between Skyline and Xentaurs for services to be provided to Cisco. Neither Skyline nor Cisco was aware of Mr. Onisicks's involvement with Xentaurs.

11. Instead of disclosing this conflict of interest, Ms. Shafer conspired with Mr. Onisick to arrange for grossly excessive fees to be paid to Xentaurs for the above Statement of Work. Both Ms. Shafer and Mr. Onisick planned on leaving their respective employers to join Xentaurs, and the

deal was structured in such a way so as to provide a financial benefit to both Ms. Shafer and Mr. Onisick from the overcharge of Skyline's customer. Ms. Shafer even provided, without authorization, legal advice to Mr. Onisick and Xentaurs to facilitate the above. On information and belief, both Mr. Onisick and Ms. Shafer are now employed by Xentaurs.

12. Ms. Shafer also took steps to conceal the above to prevent Skyline from learning of her improper conduct. She intentionally concealed the above by utilizing personal email accounts for communications with Mr. Onisick and by facilitating contrived email communications from Mr. Onisick to Skyline to show, ostensibly, that the deals were negotiated at arms-length. She also coordinated with Mr. Onisick so that he would provide glowing reviews of her work while denigrating Skyline and other Skyline personnel. Ms. Shafer also attempted to conceal her relationship with Mr. Onisick and her self-dealing by lobbying for the termination of Skyline personnel who would otherwise learn of and disclose of her improper activities.

13. In addition, Ms. Shafer fraudulently submitted expenses for reimbursement to Skyline, despite the fact that such expenses were not incurred on behalf of Skyline. This included, for example, Uber rides to Mr. Onisick's residence when Ms. Shafer was in the Bay Area.

14. When Skyline learned about some of Ms. Shafer's inappropriate conduct, it terminated her on or about September 18, 2018.

15. Pursuant to Skyline policy, Ms. Shafer was to return all Skyline property, including two laptops in her possession. Skyline re-emphasized this point by making multiple requests that she return the two laptops and providing pre-paid labels for their return. These laptops contain highly sensitive and confidential Skyline data.

16. Because of Ms. Shafer's failure to return the laptops, Skyline was forced to request police assistance, who informed her that she would be arrested if she did not return the laptops. In spite of this, to date, Ms. Shafer has not returned them.

//

//

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract Against Ms. Shafer and DOES 1-10)**

17. Skyline re-alleges paragraphs 1 through 16 of this Complaint and makes them a part of this first claim.

18. Ms. Shafer entered into a contract with Skyline to perform services for compensation and to be its employee, with all of its attendant duties.

19. Skyline did all of the significant things that the contract required it to do, including but not limited to paying Ms. Shafer the agreed-upon compensation for the performance of her duties.

20. Ms. Shafer breached the contract when she performed unauthorized work for Mr. Onisick and Xentaurs to the detriment of Skyline and its customer and in violation of her duties to Skyline.

21. As a result of Ms. Shafer's conduct, Skyline was harmed, and Ms. Shafer's breach of contract was a substantial factor in causing Skyline's harm.

**SECOND CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty Against Ms. Shafer and DOES 1-10)**

22. Skyline re-alleges paragraphs 1 through 21 of this Complaint and makes them a part of this second claim.

23. As an attorney providing legal services to Skyline, Ms. Shafer had a fiduciary duty to Skyline.

24. Ms. Shafer breached her fiduciary duties when she, among other things, schemed with Mr. Onisick to grossly overcharge Skyline and its customer in order to personally benefit from such a deal.

25. Ms. Shafer also breached this duty when she actively concealed the above and lobbied for the termination of Skyline personnel who would otherwise learn of and disclose her improper activities.

26. Ms. Shafer further breached this duty when she fraudulently submitted expenses that were not incurred on behalf of Skyline.

27. Skyline has been damaged due to Ms. Shafer's breach of her fiduciary duties.

**THIRD CLAIM FOR RELIEF**
**(Breach of Loyalty Against Ms. Shafer and DOES 1-10)**

28. Skyline re-alleges paragraphs 1 through 27 of this Complaint and makes them a part of this third claim.

29. As an employee of Skyline, Ms. Shafer had a duty of undivided loyalty to Skyline.

30. Ms. Shafer breached this duty when she, among other things, schemed with Mr. Onisick to grossly overcharge Skyline and its customer in order to personally benefit from such a deal.

31. Ms. Shafer also breached this duty when she actively concealed the above and lobbied for the termination of Skyline personnel who would otherwise learn of and disclose her improper activities.

32. Ms. Shafer further breached this duty when she fraudulently submitted expenses that were not incurred on behalf of Skyline.

33. Skyline has been damaged due to Ms. Shafer's breach of loyalty.

**FOURTH CLAIM FOR RELIEF**
**(Fraudulent Concealment Against Ms. Shafer and DOES 1-10)**

34. Skyline re-alleges paragraphs 1 through 33 of this Complaint and makes them a part of this fourth claim.

35. Ms. Shafer intentionally concealed her romantic relationship with Mr. Onisick from Skyline, notwithstanding the inherent conflict of interest, and further concealed a scheme to grossly overcharge Skyline's customer and her intention to personally benefit from said scheme.

36. Ms. Shafer prevented Skyline from learning of the truth of the matter by hiding her romantic relationship with Mr. Onisick and hiding their machinations by, among other things,

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

surreptitiously facilitating contrived emails from Mr. Onisick to Skyline and lobbying for the termination of Skyline personnel who would otherwise learn of and disclose her improper activities.

37. Ms. Shafer intended to deceive Skyline by concealing the above facts.

38. Had Skyline known of the concealed facts, Skyline would have acted differently, including but not limited to revising the terms of the Statement of Work entered into between Skyline and Xentaurs.

39. Skyline was harmed, and Ms. Shafer's concealment was a substantial factor in causing Skyline's harm.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Misrepresentation Against Ms. Shafer and DOES 1-10)

40. Skyline re-alleges paragraphs 1 through 39 of this Complaint and makes them a part of this fifth claim.

41. Ms. Shafer submitted expenses to Skyline for reimbursement while knowing that such expenses were not incurred on behalf of the company.

42. Ms. Shafer intended that Skyline rely on her representation that the expenses were for Skyline business and Skyline did reasonably rely on her representations by reimbursing her.

43. Skyline was harmed by paying for Ms. Shafer's non-business expenses, and Ms. Shafer's misrepresentation was a substantial factor in causing this harm.

## SIXTH CLAIM FOR RELIEF
### (Negligent Misrepresentation Against Ms. Shafer and DOES 1-10)

44. Skyline re-alleges paragraphs 1 through 43 of this Complaint and makes them a part of this sixth claim.

45. Ms. Shafer submitted expenses to Skyline for reimbursement.

46. That although Ms. Shafer may have believed that the expenses were for Skyline business, she had no reasonable grounds to believe that such expenses were incurred on behalf of the

company.

47. Ms. Shafer intended that Skyline rely on her representation that the expenses were for Skyline business and Skyline did reasonably rely on her representation by reimbursing her.

48. Skyline was harmed by paying for Ms. Shafer's non-business expenses, and Ms. Shafer's representation was a substantial factor in causing this harm.

**SEVENTH CLAIM FOR RELIEF**
**(Conversion Against Ms. Shafer and DOES 1-10)**

49. Skyline re-alleges paragraphs 1 through 48 of this Complaint and makes them a part of this seventh claim.

50. Skyline is the owner of two laptops that were provided to Ms. Shafer during the course of her employment.

51. Ms. Shafer intentionally and substantially interfered with Skyline's ownership of the two laptop by refusing and failing to return the laptops after her termination and after multiple demands.

52. Skyline did not consent to Ms. Shafer keeping the laptops.

53. Skyline was harmed, and Ms. Shafer's conduct was a substantial factor in causing Skyline's harm.

**PRAYER FOR RELIEF**

WHEREFORE, Skyline prays for judgment against Ms. Shafer as follows:

1. That Skyline is awarded all of its special, consequential, and compensatory damages as permitted by law;
2. The disgorgement of compensation and profits in excess of $75,000;
3. That Skyline is awarded punitive damages;
4. That Ms. Shafer is to return all Skyline property;
5. For Skyline's cost of suit as allowed by law; and

6. For such other and further relief as the Court may deem proper.

**JURY DEMAND**

Plaintiff Skyline hereby demands trial by jury in the above entitled action pursuant to Fed. R. Civ. P. 38(b).

Dated: October 31, 2018

**THOITS LAW**

By: */s/ Andrew P. Holland*
Andrew P. Holland
aholland@thoits.com
**Attorneys for Plaintiff
Skyline Advanced Technology Services**

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200