UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SKYLINE ADVANCED TECHNOLOGY SERVICES,<br><br>            Plaintiff,<br><br>      v.<br><br>SABRINA SHAFER,<br><br>            Defendant. | Case No.  18-cv-06641-CRB   (RMI)<br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 68, 76 |
| SABRINA SHAFER,<br><br>            Plaintiff,<br><br>      v.<br><br>SKYLINE ADVANCED TECHNOLOGY SERVICES, et al.,<br><br>            Defendants. | Case No.  19-cv-00787-CRB   (RMI)<br><br>Re: Dkt. No. 105, 118 |

Now pending before the court is a motion for attorneys' fees and costs filed in both of the above styled cases.[1] For the reasons stated below, Skyline's motion for attorneys' fees and costs in the combined amount of $94,297.41 is granted in part and denied in part.

**BACKGROUND**

These cases arose after the souring of the relationship between Ms. Shafter and her employer, Skyline Advanced Technology Services ("Skyline") led to litigation in this court.

---

[1] Unless specifically noted otherwise, the undersigned will generally refer herein to the docket entries in Case No. 18-cv-06641.

Initially, Skyline sued Ms. Shafer (*see* dkt. 1 in Case No. 18-cv-06641-CRB) for breach of contract, breach of fiduciary duty, breach of loyalty, fraudulent concealment, fraudulent misrepresentation, negligent misrepresentation, and conversion. Two months later, Ms. Shafer sued Skyline and a number of its officers and employees pleading the following claims (under Illinois law): an alleged conspiracy designed to withhold the final compensation she maintained was owed to her; to defame her and ruin her reputation; a violation of the Illinois Wage Payment and Collection Act; and breach of contract (*see* dkt. 1 in Case No. 19-cv-00787-CRB). Thereafter, while both cases were pending, the undersigned entered a Report and Recommendation (dkt. 62) finding that following the termination of her employment Ms. Shafer had willfully destroyed evidence by replacing a hard-drive in a laptop computer belonging to Skyline while failing to keep the original. The undersigned then recommended that an appropriate sanction would be the outright dismissal of Ms. Shafer's case (Case No. 19-cv-00787-CRB), as well as the issuance of an adverse inference instruction in Skyline's case (Case No. 18-cv-06641-CRB) against Ms. Shafer regarding the missing evidence. Judge Breyer then adopted those findings and recommendations and dismissed Ms. Shafer's case (dkt. 67).

On August 12, 2020, Skyline submitted a Bill of Costs as the prevailing party in Ms. Shafer's case (*see* dkt. 104 in Case No. 19-cv-00787-CRB) seeking the recovery of $40,626.34. The following day, Skyline filed a motion (in both cases) seeking $96,387.96 in attorneys' fees and costs for discovery practice and expert work related to the spoliation motion, for the spoliation motion itself, and for the fee motion. *See* Pl.'s Mot. (dkt. 68) at 3. Therein, Skyline noted that certain sums included in its Motion could be reduced to avoid double recovery in the event that the full amounts it sought through its Bill of Costs were to be granted. *See id*. at 3, 6 nn. 3-5. Accordingly, the undersigned deferred ruling (*see* dkt. 74) on the fee motion pending the final resolution of Skyline's Motion for Taxation of Costs in Case No. 19-cv-00787-CRB. Ultimately, the taxable costs in Ms. Shafer's case were reduced from the $40,626.34 originally sought to $36,897.02. *See* Order (dkt. 75) at 1.

//

//

# DISCUSSION

Following the final resolution of the taxable costs in Ms. Shafer's case, the parties filed a joint letter brief outlining their positions regarding the attorneys' fees and costs that remained in dispute. *See* Ltr. Br. (dkt. 76) 1-5. Skyline now seeks a combined sum of $94,297.41 in attorneys' fees and costs which can be broken down into six categories. In Category-1, Skyline seeks to recover $3,687.50 in expert costs related to Ms. Shafer's evidentiary spoliation. *See* Ltr. Br. (dkt. 76) at 1. Ms. Shafer does not object to Skyline's recovery of this sum. *Id*. at 2. In Category-2, Skyline seeks to recover $6,996.00 in attorneys' fees (consisting of 29 hours of attorney time at $600 per hour, and 0.2 hours of attorney time at $450 per hour) relating to 40% of the fees occasioned by the deposition of Ms. Shafer which Skyline contends represents "an approximation of the amount of the deposition that was relevant to spoliation." *Id*. While Ms. Shafer does not challenge the reasonableness of the hourly rates involved, she contends that only 8% of her deposition was related to spoliation by suggesting that only 29 of the 326 pages of her deposition transcript related to spoliation issues. *See* Def.'s Opp. (dkt. 69) at 8. However, Ms. Shafer's focus on the deposition transcript does not take into account time that was spent preparing for her deposition, and further, her objection is generalized, conclusory, and lacks any detailed explanation as to why only 8% of her deposition was relevant to spoliation issues. *See id*. In Category-3, Skyline seeks to recover $1,396.86 in attorneys' fees (consisting of 9.42 hours of attorney time at $600 per hour, 0.73 hours at $515 per hour, and 3.85 hours at $450 per hour) relating to 18% of the fees occasioned by the deposition of Mr. Onisick which Skyline contends is an approximation of the amount of the deposition relevant to spoliation. *See* Ltr. Br. (dkt. 76) at 3. Ms. Shafer objects to the effect that "[a]lthough Skyline is entitled to attorneys' fees . . . it is impossible to determine without guesswork the total claimed fees that were reasonably necessary to resist the offending action." *Id*. at 2-3.

In Category-4, Skyline seeks the recovery of $70,241.05 in attorneys' fees (consisting of 140.3 hours of work at five different hourly rates) relating to the litigation of the motion for sanctions due to Ms. Shafer's spoliation. *Id*. at 3-4. Ms. Shafer's objections to this sum are based on the fact that Skyline's counsel's billing records sometimes show block billing (wherein time

3

was spent on issues relevant to spoliation in addition to other issues), as well as objecting to some of Skyline's generalized task descriptions (e.g., "attention to discovery issues and spoliation motion matters"). *Id*. at 2, 3-4, 15-39. Thus, the gist of Ms. Shafer's objection to the sum sought in Category-4 is basically the same objection as was raised under Categories 2 and 3. *See id*. at 4. In Category-5 and Category-6, Skyline seeks a combined sum of $11,976.00 for work undertaken in the preparation and filing of the initial brief (14.4 hours of attorney time) in support of the fee motion, as well as the reply brief (11.3 hours of attorney time), at various hourly rates. *Id*. at 4-5. Once again, Ms. Shafer's objection to the sums sought under Category-5 and Category-6 is essentially the same; namely, that the less-than-precise descriptions in Skyline's billing records render "it [] impossible to determine without guesswork the total claimed fees that were reasonably necessary to resist the offending action." *Id*. at 2-3, 4-5.

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court adopted the lodestar method for calculating attorneys' fee awards. The lodestar is determined by multiplying the number of hours reasonably expended on a particular task by what the court determines to be a reasonable hourly rate. *Id*. at 433. When determining the reasonable hourly rate, courts look to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *see also Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The prevailing market rate in the community is indicative of a reasonable hourly rate."). The party seeking attorneys' fees must provide "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984). A declaration regarding the prevailing rate in the relevant community is sufficient to establish a reasonable hourly rate. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998). In cases where a party fails to meet its burden of establishing the reasonableness of the requested rates, the court may exercise its discretion to determine reasonable hourly rates based on its own experience and knowledge of prevailing rates in that community. *See Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 (MMM) (RZX), 2009 WL 605789 at *5 (C.D. Cal. Mar. 9, 2009); *see also Moreno v. Empire City Subway Co.*, No. 05 Civ. 7768 (LMM) (HBP), 2008 WL 793605 at *7 (S.D. N.Y.

4

1  Mar. 26, 2008) (same).

2  In addition to establishing a reasonable hourly rate, the prevailing party in a discovery
3  dispute seeking attorneys' fees also "bears the burden of proving that the fees and costs taxed are
4  reasonably necessary to achieve the result obtained." *Rucker v. Air Ventures, Hawaii*, LLC, No.
5  CV 16-00492 HG-KSC, 2017 WL 4158201, * 3 (D. Haw. Sept. 19, 2017) (citing *Tirona v. State*
6  *Farm Mut. Auto Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993)). The reviewing court then
7  scrutinizes the submitted time records in order to determine whether the number of hours
8  expended were reasonably necessary and adequately documented. *See True Health Chiropractic*
9  *Inc. v. McKesson Corp.*, Case No. 13-cv-02219-HSG (CMR), 2015 WL 3453459, at *1 (N.D. Cal.
10  May 29, 2015). In cases where the documentation provided by the fee applicant is inadequate, "the
11  district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. Work entries are
12  inadequately documented when they are vague such that the reviewing court is unable to discern
13  how the time spent is attributable to the matter at hand. *See Center for Food Safety v. Vilsack*, No.
14  C-08-00484 JSW (EDL), 2011 U.S. Dist. LEXIS 144428, 2011 WL 6259891, at *8 (N.D. Cal.
15  Oct. 13, 2011). In this context, billing records will be unacceptably vague when they characterize
16  the claimed work – such as labeling a time entry as a "conference," or "review" – without
17  venturing to describe the subject of the conference, or the nature of the review. *See In re*
18  *Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC),
19  2020 U.S. Dist. LEXIS 163603, at *207-08 (N.D. Cal. Sep. 8, 2020); *see also Prineville Sawmill*
20  *Co. v. Longview Fibre Co.*, No. CV 01-1073-BR, 2003 U.S. Dist. LEXIS 28539, 2003 WL
21  23957141, at *2 (D. Or. 2003). Lastly, it should be noted that absolute precision is not required
22  when calculating an award of attorneys' fees; instead, it is only incumbent on a reviewing court to
23  give "some indication of how it arrived at its figures and the amount of the award [that it found to
24  be] necessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986).

25  As discussed above, Ms. Shafer has focused her objections on the adequacy of Skyline's
26  billing records and on the necessity of the hours expended; Ms. Shafer has not challenged the
27  reasonableness of the hourly rates for Skyline's attorneys. *See* Ltr. Br. (dkt. 76) at 2. Those hourly
28  rates range from $375 to $475 per hour for associates, and from $515 to $625 per hour for

partners. *See id*. at 4. In any event, the court finds that even the highest rate charged by any of Skyline's counsel ($625 per hour) is a reasonable hourly rate because it is lower than the prevailing rates in this district for attorneys of comparable skill and reputation. *See e.g., Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-02200-HSG, 2020 U.S. Dist. LEXIS 206507, at *31 (N.D. Cal. Nov. 4, 2020) (finding that rates between $425-$695 for associates, and $830-$1,275 for partners, are "in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation."); *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 U.S. Dist. LEXIS 213045, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (approving rates ranging from $650 to $1,250 for partners or senior counsel, and $400 to $650 for associates); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 U.S. Dist. LEXIS 39115, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving billing rates ranging from $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals "given the complexities of this case and the extraordinary result achieved for the Class"). For the purposes of a lodestar calculation, the court expressly finds $625 per hour to be a reasonable hourly rate in this case given that the rate falls within the range of prevailing rates that have been previously found to be reasonable in this district.

As to the sum sought by Skyline in Category-1 – namely, $3,687.50 in expert costs occasioned by Ms. Shafer's destruction of the evidence on Skyline's laptop computer – because Ms. Shafer has no objection to this amount (*see* Ltr. Br. (dkt. 76) at 2), Skyline's request for this amount is **GRANTED**. In Category-2, Skyline seeks $6,996.00 in attorneys' fees relating to 40% of the time devoted to Ms. Shafer's deposition as that is the portion which Skyline estimates as being relevant to Ms. Shafer's spoliation of evidence in this case. *See id*. at 2. As stated above, Ms. Shafer has advanced a conclusory and generalized objection to the effect that only 8% of her deposition was related to spoliation issues (based merely on her own narrow view of the issue and her focus on a nebulous description of the page count of her deposition transcript). However, this objection is **OVERRULED** because Ms. Shafter's non-specific objection fails to take into account Skyline's preparation time for the deposition, as well as failing to take into account her own misconduct during the deposition through which she unnecessarily prolonged the deposition by

repeatedly claiming to lack any recollection, or even the ability to understand questions that were abundantly clear (*see* Report and Recommendation (dkt. 62) at 7-8). Accordingly, Skyline's request for $6,996.00 in attorneys' fees, relating to Ms. Shafer's deposition, as described in Category-2, is **GRANTED**. A similar result is compelled by Skyline's request for $1,396.86 in attorneys' fees relating to 18% of the fees occasioned by the deposition of Mr. Onisick which Skyline contends is an approximation of the amount of the deposition relevant to spoliation. *See* Ltr. Br. (dkt. 76) at 3. Likewise, Ms. Shafer's generalized objection to the effect that Skyline's 18% approximation constitutes guesswork is **OVERRULED** because the approximation is reasonable (indeed, the approximation appears to be rather conservative) in light of the fact that Mr. Onisick similarly did everything in his power to frustrate and confound Skyline's ability to conduct the deposition by also claiming to not remember much of anything or to understand basic questions. *See* Report and Recommendation (dkt. 62) at 8. Thus, Skyline's request for the amount of $1,396.86 in attorneys' fees relating to Mr. Onisick's deposition, as described in Category-3, is **GRANTED**.

Regarding the sum of $70,241.05 sought by Skyline, as described in Category-4, for the preparation and filing of the spoliation motion itself, the reply brief, and oral argument – this sum is comprised of 140.3 hours of work at five different hourly rates. *See* Ltr. Br. (dkt. 76) at 3-4; *see also* Pl.'s Mot. (dkt. 68) at 5. Ms. Shafer objects to this sum based on the fact that Skyline's counsel's time records rely in part on block billing (wherein time was spent on issues relevant to spoliation in addition to other issues), and also objects to some of Skyline's generalized task descriptions (e.g., "attention to discovery issues and spoliation motion matters"). *See* Ltr. Br. (dkt. 76) at 2, 3-4, 15-39. In this regard, Ms. Shafer's objections are meritorious as many of Skyline's billing records in Category-4 contain either vague descriptions or block billing descriptions that render the court's reasonableness review exceedingly difficult; and, while Ms. Shafer submits that the upshot of these objections is to deny Skyline's request for fees in this regard outright, the court disagrees and will instead reduce the amount using the lodestar method.

Initially, the court will note that the expenditure of 140.3 hours of attorney time for the preparation and filing of the spoliation motion (including its exhibits), the reply brief, and the oral

7

United States District Court
Northern District of California

1  argument is excessive. While Skyline's counsel achieved the desired result, the court finds that the
2  issues attending this motion (and the evidentiary support therefor) were relatively simple and
3  straightforward, that Skyline's billing records indicate that the spoliation motion was staffed with
4  more attorneys than absolutely necessary, and that the same result could have been achieved with
5  fewer attorneys and with the expenditure of fewer hours. In short, Ms. Shafer destroyed a laptop
6  hard-drive which had evidentiary value for Skyline; additionally, Ms. Shafer and Mr. Onisick
7  were uncooperative during their depositions, further frustrating Skyline's ability to access the
8  evidence it needed. The motion itself contained six pages describing the factual basis as well as an
9  additional eight pages of argument, in the course of which Skyline cited 18 cases and two rules.
10  *See generally* Pl.'s Mot. (dkt. 48). Skyline's reply brief consisted of a little more than twelve
11  pages of argument, and cited 17 cases (with some overlap). *See generally* Pl.'s Reply Br. (dkt. 59).
12  Oral argument for this matter (dkt. 64) was conducted in under 45 minutes.

13        In the course of the present inquiry, the court must consider certain factors to determine
14  whether the 140.3 hours expended here are reasonable. Commonly known as the *Kerr* factors, the
15  court must consider: "(1) the time and labor required, (2) the novelty and difficulty of the
16  questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion
17  of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6)
18  whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances,
19  (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the
20  attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional
21  relations with the client, and (12) awards in similar cases." *Lafarge Conseils Et Etudes, S.A. v.*
22  *Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986) (citing *Kerr v. Screen*
23  *Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). The court need only consider the factors that
24  are relevant (*id*. at 1342); and, retains "a great deal of discretion" in determining the fee award.
25  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1993).

26        Having considered the relevant factors, the court finds that a reasonable expenditure of
27  time for Skyline's spoliation motion, as well as the reply brief and oral argument, would not
28  exceed a total of 40 hours of attorney time due to the relatively simple and straightforward nature

of the matter. Far from involving complex legal or factual questions, Skyline's motion simply sought relief from this court for Ms. Shafer's destruction of evidence (which she essentially conceded in her opposition to the motion for sanctions), and for her uncooperative behavior at her deposition. *See e.g.*, *WhoToo, Inc. v. Dun & Bradstreet, Inc.*, No. C15-1629-RAJ, 2017 U.S. Dist. LEXIS 129895, at *8-9 (W.D. Wash. Aug. 15, 2017) (finding "that 130 hours is excessive given the application of relevant *Kerr* factors . . . [because] the spoliation motion did not involve complex legal questions – rather, it posed the straightforward inquiry of requesting relief from the Court for WhoToo's failure to produce critical documents."); *see also Mfg. Automation & Software Sys., Inc. v. Hughes*, No. CV 16-8962 CAS (KSX), 2018 U.S. Dist. LEXIS 237227 *3-*20 (C.D. Cal. Sep. 18, 2018) (finding the sum of $61,290.78, based on 98 hours of attorney time, to be excessive for a spoliation motion because "the Motion for Sanctions did not present any issues of particular legal or factual complexity" – thus, to account for the excessive number of hours claimed, and to account for block billing, the court reduced the award to $41,129.38). In short, because the court has found that $625 per hour is a reasonable hourly rate within the range of prevailing rates previously found to be reasonable in this district; applying that rate to the 40 hours of attorney time that the court has found to be reasonable under the circumstances, the resulting sum is $25,000. Thus, Skyline's request for $70,241.05 in attorneys' fees for the spoliation motion, as described in Category-4, is **GRANTED in part** in the amount of $25,000.

For the fee motion (14.4 hours of attorney time), as well as the associated reply brief (11.3 hours of attorney time), as described in Category-5 and Category-6, Skyline seeks a combined sum of $11,976.00, at various hourly rates. *See* Ltr. Br. (dkt. 76) at 4-5. In this regard, the court finds that the 25.7 hours for which Skyline seeks recovery (and which does not include whatever time was spent on the joint letter brief (dkt. 76) ordered by the undersigned) – that is, for the Fee Motion (dkt. 68) and for the Reply Brief (dkt. 70) – is a reasonable expenditure of time. Further, since 22.4 hours out of the total of 25.7 hours was performed by an associate and billed at $450.00, the court will not employ the lodestar method because the total number of claimed hours are reasonable. Accordingly, Ms. Shafer's objections are **OVERRULED** and Skyline's request for the amount of $11,976.00 in attorneys' fees relating to its Fee Motion and the associated Reply

Brief, as described in Category-5 and Category-6, is **GRANTED**.

By way of recap, the totals for each of the six categories of Skyline's approved fee requests are as follows: $3,687.50 (Category-1), $6,996.00 (Category-2), $1,396.86 (Category-3), $25,000 (Category-4), and, $11,976.00 (Category-5 and Category-6). Together, these sums amount to $49,056.36, and Ms. Shafer is **ORDERED** to pay that amount to Skyline within 40 days from the date of this order.

**IT IS SO ORDERED.**

Dated: November 30, 2020

ROBERT M. ILLMAN
United States Magistrate Judge