Stephen A. Dennis (SBN 111401)
sdennis@thoits.com
John van Loben Sels (SBN 201354)
jvanlobensels@thoits.com
David B. Sarfati (SBN 323896)
dsarfati@thoits.com
THOITS LAW
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

Attorneys for Plaintiff
Skyline Advanced Technology Services

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLINE ADVANCED TECHNOLOGY SERVICES, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SABRINA SHAFER, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:18-cv-06641-CRB-RMI<br><br>**PLAINTIFF SKYLINE ADVANCED TECHNOLOGY SERVICES' NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT (FRCP RULE 59(e)) TO ADD PREJUDGMENT INTEREST**<br><br>Date: April 5, 2024<br>Time: 10:00 a.m.<br>Dept.: Courtroom 6 – 17th Floor<br>Judge: Hon. Charles R. Breyer |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 5, 2024 at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Charles R. Breyer, Plaintiff Skyline Advanced Technology Services ("Skyline"), will, and hereby does, move Pursuant to Federal Rule of Civil Procedure 59(e) to Amend this Court's Judgment Dated February 6, 2024 (the "Judgment").

Specifically, Plaintiff requests that the Judgment be amended to grant Plaintiff pre-judgment interest on the **$745,061.53** ordered to be paid to Plaintiff by Defendant in the amount of **$467,853.17** for total damages of **$1,212,914.70** plus the aggregate additional amount of daily interest accruals of **$204.13** per day from the original judgment date to the amended judgment

entry date.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the accompanying declaration of John Kawamoto, the pleadings, records and files in this action, the transcript from the trial in this action Dated February 5 and 6, 2024, the records and files in this action, and any other matter on which the Court may take judicial notice, and upon any such other and further materials as the Court deems relevant and necessary.

Dated: February 29, 2024

          Respectfully submitted,

          **THOITS LAW**

By:   */s/ Stephen A. Dennis*
       Stephen A. Dennis
       **Attorneys for Skyline Advanced Technology Services**

**TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................. 1

II. ARGUMENT ...................................................................................................................... 1

    A. A Motion to Amend a Judgment under Rule 59(e) is a Proper Procedural Vehicle to Seek Mandatory or Discretionary Prejudgment Interest .................... 1

    B. California Law Applies for Prejudgment Interest Determinations Because This Case Arises Under the Court's Diversity Jurisdiction. ................................ 2

    C. Prejudgment Interest is Required to be Awarded to Skyline. ............................ 3

    D. Skyline Provided Proper Notice to Shafer of its Prejudgment Interest Claim. ... 3

    E. Section 3287(a) Requires the Court to Award Prejudgment Interest on Liquidated Claims. ............................................................................................... 4

    F. The Damages Awarded to Skyline Were Certain. .............................................. 6

    G. Damages Became Certain Each Time Skyline Paid Compensation to or for Shafer. .................................................................................................................. 6

    H. Alternative Request: Civil Code Section 3287(b) and Section 3288 each Authorize Discretionary Prejudgment Interest Awards to Skyline. ..................... 7

    I. The Proper Rates of Interest Under California Law. .......................................... 9

    J. Computation of Interest. .................................................................................... 11

    K. Amended Judgment. .......................................................................................... 12

III. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*American Telephone & Telegraph Co. v. United Computer Systems, Inc.*,
   98 F.3d 1206 (9th Cir.1996) ............................................................................................... 3

*BladeRoom Grp. Ltd. v. Emerson Elec. Co.*,
   20 F.4th 1231 (9th Cir. 2021) .............................................................................................. 9

*Budinich v. Becton Dickinson & Co.*,
   486 U. S. 196 (1988) ............................................................................................................ 2

*Erie Railroad Co. v. Tompkins*,
   304 U.S. 64 1188 (1938) ..................................................................................................... 2

*Freund v. Nycomed Amersham*,
   347 F.3d 752 (9th Cir. 2003) ............................................................................................... 2

*Gasperini v. Ctr. for Humanities, Inc.*,
   518 U.S. 415 (1996) ............................................................................................................. 2

*General Motors Corp. v. Devex Corp.*,
   461 U. S. 648 (1983) ............................................................................................................ 2

*Glob. Videos, Inc. v. Niekerk*,
   187 F. App'x 689 (9th Cir. 2006) ....................................................................................... 8

*Northrop Corp. v. Triad International Marketing, S.A.*,
   842 F.2d 1154 (9th Cir.1988) ............................................................................................. 3

*Osterneck v. Ernst & Whinney*,
   489 US 169 (1989) ............................................................................................................... 2

*Sea Hawk Foods, Inc. v. Exxon Corp. & Exxon Shipping Co.* (*In re Exxon Valdez*),
   484 F.3d 1098 (9th Cir. 2007) ............................................................................................ 2

*U.S. Fidelity and Guar.Co. v. Lee Investments*
   LLC, 641 F.2d 1126 (9th Cir. 2011) ................................................................................... 3

*West Virginia v. United States*,
   479 U. S. 305 (1987) ............................................................................................................ 2

*Zargarian v. BMW of N. Am., LLC*,
   442 F. Supp. 3d 1216 (C.D. Cal. 2020) ............................................................................. 8

**State Cases**

*A & M Produce Co. v. FMC Corporation*,
   135 Cal. App. 3d 473 (1982) ............................................................................................. 8

*Baker v. Pratt*,
   176 Cal.App.3d 370 (1986) ............................................................................................. 10

*Bank of America v. Ryan*,
   207 Cal.App.2d 698 (1962) ............................................................................................... 5

*Bullis v. Security Pac. Nat. Bank*,
   *supra*, 21 Cal.3d 801 ........................................................................................................ 6

*Bullock v. Philip Morris USA, Inc.*,
   198 Cal.App.4th 543 (2011) ............................................................................................ 10

*Chesapeake Industries, Inc. v. Togova Enterprises, Inc.*,
   149 Cal.App.3d 907 (1983) ........................................................................................... 4, 5

*Children's Hospital & Medical Center v. Bonta*,
   97 Cal.App.4th 740 (2002) ................................................................................................ 7

*Collins v. City of Los Angeles*,
   205 Cal.App.4th 140 (2012) .............................................................................................. 6

*Fowler v. Varian Associates, Inc.*,
   196 Cal.App.3d 34 (1987) ............................................................................................... 10

*Howard v. American National Fire Ins. Co.*,
   187 Cal.App.4th 498 (2010) .............................................................................................. 5

*Leff v. Gunter*,
   33 Cal.3d 508 (1983) ........................................................................................................ 5

*Levy-Zenter Co. v. Southern Pac. Transportation Co.*
   (1977) 74 Cal.App.3d 762 .............................................................................................. 5, 7

*Lewis C. Nelson & Sons v. Clovis Unified Sch. Dist.*,
   90 Cal. App. 4th 64 (2001) ................................................................................................ 8

*Macomber v. State of California*,
   250 Cal.App.2d 391 (1967) ............................................................................................... 6

*Marine Terminals Corp. v. Paceco, Inc.*,
   145 Cal.App.3d 991 (1983) ............................................................................................... 5

*Michelson v. Hamada*,
   29 Cal.App.4th 1566 (1994) ....................................................................................... 10, 11

iii     3:18-cv-06641-CRB-RMI
MOTION TO AMEND JUDGMENT

*North Oakland Medical Clinic v. Rogers*,
  65 Cal.App.4th, 824, 826 (1998)("*Rogers*") ................................................................... 3

*Olson v. Cory*,
  35 Cal.3d 390 (1983) ........................................................................................................ 5

*State of California v. The Continental Insurance Company*,
  15 Cal.App.5th 1017 (2017) ............................................................................................ 5

*Stein v. Southern Cal. Edison Co.*,
  7 Cal.App.4th 565 (1992) ............................................................................................ 5, 6

*Thompson v. Asimos*
  (2016) 6 Cal.App.5th 970 (2016) .................................................................................. 4, 5

*Uzyel v. Kadisha*,
  188 Cal.App.4th 866 (2010) ......................................................................................... 4, 5

*Warren v. Kia Motors Am., Inc.*,
  30 Cal.App. 5th, 24, 44 (2018) ........................................................................................ 4

*Watson Bowman Acme Corp. v. RGW Construction, Inc.*,
  2 Cal.App.5th 279 (2016) ......................................................................................... 3, 4, 6

**Federal Statutes**

28 U.S.C. § 1332 ..................................................................................................................... 1

**State Statutes**

Civ. Code §3287(a) ............................................................................... 3, 4, 5, 6, 7, 9, 10

Civ. Code §3287(b) ...................................................................................................... 3, 7, 8

Civ. Code §3288 ......................................................................................... 3, 5, 6, 7, 8, 9

Civil Code Section 3287(b) and Section 3288 ........................................................................ 7

Civil Code section 3287, subdivision (a) ................................................................................ 4

Civil Code Section 3289 ......................................................................................................... 9

Section 3289 ............................................................................................................................ 9

**Rules**

Rule 59(e) ........................................................................................................................... 1, 2

**Constitutional Provisions**

California Constitution Article XV, section 1 ....................................................................... 10

**Other Authorities**

*Rest.3d Agency*, § 1.01 ................................................................................................................. 11

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND**

Beginning in June 2016, Defendant Sabrina Shafer ("Shafer" or "Defendant") first breached her duty of loyalty to and contract with Skyline Advanced Technology Services ("Skyline" or "Plaintiff"). She continued to breach these legal obligations up to and including the date her employment was terminated by Skyline in September 18, 2018. (*See* ECF No. 148)

On October 31, 2018, Skyline filed its Complaint against Shafer alleging various California state law claims.[1] (ECF No. 1). On February 6, 2024, more than seven and one-half years after these breaches began and more than five years after Skyline filed its Complaint, following a two day bench trial, this Court entered judgment for Skyline against Shafer awarding damages of $745,061.53. (ECF No. 146). Specifically, this Court found that Defendant would be required to disgorge as damages to Skyline $745,061.53 that she was paid by Skyline during her employment and while she was both disloyal and in breach of her employment contract with Skyline. (Id.) In reaching this conclusion, the Court noted that Ms. Shafer had "deliberately spoliated much of the evidence in this case." (See e.g. ECF No. 148 at 382:10-13)

The damages awarded by the Court in this judgment do not fully account for the losses Skyline incurred from Shafer's breaches of her legal obligations, because it does not credit the years of interest that would have accrued on these damages in Skyline's favor but for Shafer's improper conduct. Accordingly, Skyline respectfully requests that this Court amend the Judgment entered against Shafer to add to the damages award not less than **$467,853.17** in prejudgment interest resulting in a final damages award in an amended judgment of **$1,212,914.70**, ***plus*** additional daily accruals of prejudgment interest of **$204.13** per day from the original judgment date to the date of entry of the amended judgment.

**II.    ARGUMENT**

    **A.    A Motion to Amend a Judgment under Rule 59(e) is a Proper Procedural Vehicle to Seek Mandatory or Discretionary Prejudgment Interest.**

Several decades ago, the Supreme Court held that a postjudgment motion for discretionary

---

[1] Jurisdiction over the action was founded on diversity pursuant to 28 U.S.C. § 1332.

prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e). *Osterneck v. Ernst & Whinney,* 489 US 169, 175 (1989). This is a proper procedure because prejudgment interest "is an element of [plaintiff's] complete compensation." *West Virginia v. United States,* 479 U. S. 305, 310 (1987), and n. 2; *see General Motors Corp. v. Devex Corp.,* 461 U. S. 648, 655-656 (1983), and n. 10. Prejudgment interest traditionally has been considered part of the compensation due plaintiff. *Osterneck* at 175. The Court concluded that "a postjudgment motion for discretionary prejudgment interest involves the kind or reconsideration of matters encompassed within the merits to which Rule 59(e) s intended to apply." *Id.*

The Court's conclusion was not limited to discretionary awards of prejudgment interest. In footnote 3 to its opinion, the Court stated:

> "We do not believe the result should be different where prejudgment interest is available as a matter of right. It could be argued that where a party is entitled to prejudgment interest as a matter of right, a reexamination of issues relevant to the underlying merits is not necessary, and therefore the motion should be deemed collateral in the sense we have used that term. However, mandatory prejudgment interest, no less than discretionary prejudgment interest, serves to "remedy the injury giving rise to the [underlying] action," *Budinich v. Becton Dickinson & Co.*, 486 U. S. 196, 200 (1988), and in that sense is part of the merits of the district court's decision. Moreover, as we said last Term in *Budinich*: "[W]hat is of importance here is not preservation of conceptual consistency in the status of a particular [type of motion] as `merits' or `nonmerits,' but rather preservation of operational consistency and predictability in the overall application of the [finality requirement] of § 1291." *Ibid.* "Courts and litigants are best served by the bright-line rule, which accords with traditional understanding," ibid., that a motion for prejudgment interest implicates the merits of the district court's judgment." *Id.* at 179.

A motion to amend this Court's judgment to award prejudgment interest, mandatory or discretionary, is proper under Rule 59(e).

**B.  California Law Applies for Prejudgment Interest Determinations Because This Case Arises Under the Court's Diversity Jurisdiction.**

In this diversity action, California law applies to determine Skyline's entitlement to prejudgment interest and the applicable rate of interest. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 1188 (1938), "`federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law.'" *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

Prejudgment interest is a substantive matter governed by California law. *Sea Hawk Foods,*

*Inc. v. Exxon Corp. & Exxon Shipping Co.* (*In re Exxon Valdez*), 484 F.3d 1098, 1101 (9th Cir. 2007); *U.S. Fidelity and Guar.Co. v. Lee Investments* LLC, 641 F.2d 1126, 1139 (9th Cir. 2011). Computation of prejudgment interest is governed by California law. *See, e.g.*, *American Telephone & Telegraph Co. v. United Computer Systems, Inc.*, 98 F.3d 1206, 1208 (9th Cir.1996); *Northrop Corp. v. Triad International Marketing, S.A.*, 842 F.2d 1154, 1155 (9th Cir.1988).

### C. Prejudgment Interest is Required to be Awarded to Skyline.

Under California law, prejudgment is either ***required*** to be awarded (Civ. Code §3287(a) ("Section 3287(a)") or ***may*** be awarded at the Court's discretion (Civ. Code §3287(b) and Civ. Code §3288). In this action, because the damages were certain as incurred, Skyline is entitled to prejudgment interest as a matter or right (see Part II.E, below), but even if the Court believes an award is discretionary, it is a proper exercise of discretion to award prejudgment interest to Skyline on all the damages included in the judgment.

### D. Skyline Provided Proper Notice to Shafer of its Prejudgment Interest Claim.

Although a party is entitled to prejudgment interest under Section 3287(a), an award is not automatic. A request for prejudgment interest must be made in the trial court. This is to assure defendants receive due process and an opportunity to oppose a possible award. *North Oakland Medical Clinic v. Rogers,* 65 Cal.App.4th, 824, 826 (1998)("*Rogers*").

A notice of a prejudgment interest claim must be included in the pleadings. Under California law, a general prayer in the complaint is adequate to support an award of prejudgment interest. "No specific request for interest need be included in the complaint; a prayer seeking `such other and further relief as may be proper' is sufficient for the court to invoke its power to award prejudgment interest. [Citations.]" *Rogers*, *supra* at 829. The prayer in Skyline's Complaint seeks an award of "*all of its special, consequential, and compensatory damages as permitted by law*" and "[*F*]*or such other and further relief as the Court may deem proper*." [ECF No. 1] These statements notified Shafer that Skyline was seeking prejudgment interest. *Watson Bowman Acme Corp. v. RGW Construction, Inc.*, 2 Cal.App.5th 279, at 296 (2016) ("*Watson*").

**E.   Section 3287(a) Requires the Court to Award Prejudgment Interest on Liquidated Claims.**

**1.   Section 3287(a).**  Section 3287(a) provides in relevant part:

"*Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day… .*"

**2.   Section 3287(a) is Mandatory.**  A Section 3287(a) prejudgment interest award is mandatory if the statute's requirements are satisfied. *Watson* at 293 [trial court has no discretion under § 3287(a) and must award prejudgment interest from the first day there exists both a breach and a liquidated claim]. Under Section 3287(a), a court must award prejudgment interest when a plaintiff is "entitled to recover damages certain, or capable of being made certain by calculation." For purposes of Section 3287(a), "[d]amages are deemed certain or capable of being made certain . . . where there is essentially no dispute between the parties concerning the basis of the computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damages." *Warren v. Kia Motors Am., Inc.,* 30 Cal.App. 5th, 24, 44 (2018) (internal quotation omitted). But Section 3287(a) does not "authorize prejudgment interest where the amount of damages . . . depends upon a judicial determination based upon conflicting evidence [and] . . . cannot be resolved except by verdict or judgment." *Id.*

**3.   Certainty.**  Damages are certain or capable of being made certain by calculation, or ascertainable if (a) the defendant actually knew the amount owed or (b) from reasonably available information the defendant could have computed that amount. *Uzyel v. Kadisha*, 188 Cal.App.4th 866, 919 (2010); *Chesapeake Industries, Inc. v. Togova Enterprises, Inc.,* 149 Cal.App.3d 907, 911 (1983).   The certainty requirement promotes equity because liability for prejudgment interest occurs only when the defendant knows or can calculate the amount owed and does not pay. *Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 991-992 (2016); *Watson, supra* at 293.

As stated by California's Supreme Court: 'Generally, the certainty required of Civil Code section 3287, subdivision (a), is absent when the amounts due turn on disputed facts, but not when

the dispute is confined to the rules governing liability.' (*Olson v. Cory,* 35 Cal.3d 390, 402 (1983))." *Thompson, supra* at 992. (Emphasis in original).

Under Section 3287(a), the right to recover damages must vest in Skyline on a particular day. Once that is established, interest accrues from that day. Courts award Section 3287(a) prejudgment interest from the date of loss because damages are readily ascertainable at the time the plaintiff suffered the damage. *Stein v. Southern Cal. Edison Co.,* 7 Cal.App.4th 565, 573 (1992) ("*Stein*"). Skyline suffered damages every pay period during Shafer's term of disloyalty as it compensated Shafer by paying her base salary, commissions and employee benefits.

**4.     Certainty Requirement Is Broadly Construed.**  California courts have broadly construed the certainty or liquidated damages requirement of Section 3287(a) to provide just compensation to the injured party for loss of money during the prejudgment period. *Chesapeake Industries, Inc. v. Togova Enterprises, Inc.,* 149 Cal.App.3d 907, 914 (1983); *Howard v. American National Fire Ins. Co.,* 187 Cal.App.4th 498, 535 (2010); *State of California v. The Continental Insurance Company,* 15 Cal.App.5th 1017, 1038 (2017).

**5.     Section 3287(a) Applies to both Contract and Tort Actions, Including Actions for Breach of Duty of Loyalty.**

Section 3287(a) applies to any case where damages are certain, whether it involves a contract claim or a claim grounded in tort. In *Levy-Zenter Co. v. Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 796, the First District noted that while "the language of section 3288 is expressly limited to certain types of actions, section 3287(a), applies by its terms <u>without restriction</u>" (Emphasis added.)

Section 3287(a)'s application to tort actions is well-established. *Marine Terminals Corp. v. Paceco, Inc.,* 145 Cal.App.3d 991, 995 (1983). It has been found to apply to damages awards in breach of fiduciary duty cases, including those involving a breach of duty of loyalty. *Leff v. Gunter,* 33 Cal.3d 508, 520 (1983), and citing *Bank of America v. Ryan,* 207 Cal.App.2d 698, 709-710 (1962) [breach of fiduciary obligation]; *Uzyel v. Kadisha,* 188 Cal.App.4th 866, 918-921 (2010) [breach of duty of loyalty].

Section 3287(a) likewise has long been found to apply to awards of liquidated or certain

damages in breach of contract cases. *Watson, supra* at 295; *see Macomber v. State of California*, 250 Cal.App.2d 391, 401 (1967).

### F.   The Damages Awarded to Skyline Were Certain.

This Court awarded Skyline damages equal to the exact amounts paid to Shafer for base salary, commissions and benefits during the periods of her continuing breaches of contract and duty of loyalty. These amounts were tabulated and provided at trial via expert John Kawamoto's testimony. These amounts were known to Shafer and could have been calculated by her at any time after they were paid. They were liquidated and certain.

At trial Shafer presented no expert witness on the issue of damages. As this Court stated in its findings of fact:

"I note that Mr. Kawamoto was Skyline's forensic accountant, and that Ms. Shafer did not present a competing expert witness, nor did she dispute Mr. Kawamoto's math." [ECF No. 148]

Accordingly, not only were the damages certain but there was no controversy about the amounts.

### G.   Damages Became Certain Each Time Skyline Paid Compensation to or for Shafer.

This Court awarded damages to Skyline for periods spanning parts of 2016, 2017 and 2018. Each time Skyline paid wages or benefits to or for Shafer, it was incurring damages arising from Shafer's breaches. Each amount was certain and calculable on the date of each Skyline payment.

Section 3287(a) prejudgment interest can be awarded under circumstances where the right to damages vests over extended periods of time and from numerous transactions. In *Stein*, the court rejected a claim that interest could not be awarded under Section 3287(a) in a "piecemeal" fashion. *Stein*, *supra* at 573. And in *Bullis v. Security Pac. Nat. Bank, supra*, 21 Cal.3d 801, 815, the Court upheld an award of interest on each of several unauthorized withdrawals from a bank account over a four-year period, from the date of each individual withdrawal. [2] (*See also*, *Collins*

---

[2] Although *Bullis* was discussing interest under Section 3288, the *Stein* court could see no reason why the court's reasoning in *Bullis* would not apply to Section 3287(a). *Stein, supra,* at p. 573.

*v. City of Los Angeles,* 205 Cal.App.4th 140, 151 (2012) [in a class action, each class member was entitled to Section 3287(a) prejudgment interest on damages awarded from the date of each payment by each class member to the city for improper overhead costs]; L*evy-Zenter Co. v. Southern Pac. Transportation Co.,* 74 Cal.App.3d 762, 805 (1977) [trial court directed to calculate interest under Section 3287(a) for 12 different plaintiffs on various dates]; *Children's Hospital & Medical Center v. Bonta,* 97 Cal.App.4th 740 (2002) [the court affirmed an award of Section 3287(a) prejudgment interest to 11 hospitals who sued the Department of Health Services and were awarded damages for inadequate patient reimbursement claims covering a six-year period.]

Accordingly, Section 3287(a) mandates prejudgment interest to be awarded on all of the damages from each date that the respective salary, commissions and benefits were paid.  All of those details were provided by Mr. Kawamoto at trial and are part of the trial record.  (Trial Exhibits 119 parts A-I, 120, 121).

**H.     Alternative Request:  Civil Code Section 3287(b) and Section 3288 each Authorize Discretionary Prejudgment Interest Awards to Skyline.**

If the Court determines that the requirements for Section 3287(a) have not been satisfied here, Skyline requests that the Court exercise its discretion and award prejudgment interest on the damages awarded under Civ. Code §3287(b) ("Section 3287(b)") or §3288 ("Section 3288"), or both.

Under Section 3287(b), for unliquidated breach of contract claims, the court is authorized to award prejudgment interest beginning from the date the action is filed.[3]  If the Court finds Section 3287(a) inapplicable, then Skyline requests that the Court exercise its discretion and award contractual prejudgment interest (at 10 percent, see below) from the date of filing of the action (i.e. October 31, 2018) to the date of entry of the amended judgment.

---

[3] Section 3287(b) provides:

(b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

A court should award prejudgment interest under Section 3287(b) if it is "reasonable in light of the factual circumstances of a particular case." *Lewis C. Nelson & Sons v. Clovis Unified Sch. Dist.*, 90 Cal. App. 4th 64, 69 (2001). While there is no authoritative list of criteria for determining whether an award of discretionary prejudgment interest is reasonable, courts that have decided the issue have considered factors such as: "(1) the time between the lawsuit's filing and the judgment; (2) whether awarding interest will penalize the defendant for litigating a bona fide dispute; and (3) whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk." *Zargarian v. BMW of N. Am., LLC,* 442 F. Supp. 3d 1216, 1226 (C.D. Cal. 2020) (internal quotation marks omitted); see also *Glob. Videos, Inc. v. Niekerk*, 187 F. App'x 689, 691 (9th Cir. 2006) (finding district court's award of prejudgment interest was a proper exercise of discretion given length of case and the fact that breach of contract was willful); *A & M Produce Co. v. FMC Corporation*, 135 Cal. App. 3d 473, 496 (1982) (award of prejudgment interest upheld where case had gone on for over seven years and plaintiff had offered to settle case).

Here, the lawsuit was filed in October 2018, over five years before judgment. Defendant was not penalized for litigating a bona fide dispute. Every step of the way she was unsuccessful, including at summary judgment and trial. And her behavior during the case was so abhorrent that she was sanctioned by having her case dismissed, ordered to pay monetary sanctions and was subject to an adverse inference in this action. This behavior and her trial testimony led to this Court's referral order to the Illinois State Bar. All of this in the face of Skyline's good faith attempts to settle the case at two separate mandatory settlement conferences held before Magistrate Kim in July 2020 [ECF No. 66] and June 2023 [ECF No. 112], and in communication during the months leading up to trial. Accordingly, an award of prejudgment interest is clearly warranted under Section 3287(b) for the breach of contract damages awarded by the Court.

Likewise a Section 3288 interest award is discretionary. Even if damages are uncertain when the litigation commences, the trier of fact may award prejudgment interest if the case involves "breach of an obligation not arising from a contract, and in every case of oppression,

fraud or malice".[4]  If the Court finds Section 3287(a) inapplicable, then Skyline requests that the Court award tort prejudgment interest (at seven percent, simple or compounded, see below) from the date of each loss up to the date of the entry of the amended judgment.

To prove that it is entitled to prejudgment interest under Section 3288, a plaintiff must (a) demonstrate that such an award is necessary to compensate the plaintiff for the loss of use of money or other property and (b) establish the date of loss to allow for an accurate calculation of interest.  *BladeRoom Grp. Ltd. v. Emerson Elec. Co.,* 20 F.4th 1231, 1249 (9th Cir. 2021) (noting that a trial court must determine whether there is a legally compensable loss warranting prejudgment interest and, if so, when the loss occurred).  Each of these requirements is clearly met, as Skyline paid the disgorged amounts to Shafer and the record, and the Court's findings are clear on the dates that the losses were incurred (i.e. each payroll period during the period of breach).  Trial Exhibits 119 parts A-I, 120, 121, ECF No. 148)

I.      **The Proper Rates of Interest Under California Law.**

The Court found that Shafer breached her contract with and also breached her duty of loyalty to Skyline.  The amount of Court awarded damages were identical and computed in the same fashion and for the same periods for both claims.  Under California law, the applicable prejudgment interest rate for each category of damages is, however, different.

1.      **Breach of Contract.**  Under California law, the rate of interest applicable following a breach of contract is controlled by Civil Code Section 3289 ("Section 3289").  Section 3289 provides:

> "(a) Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation.
>
> (b) If a contract entered into after January 1, 1986, does not stipulate a legal rate of

---

[4] Section 3288 provides:

> "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."
>
> In a case with no jury, the award may be given by the court.

interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.

For the purposes of this subdivision, the term contract shall not include a note secured by a deed of trust on real property."

The contract breached by Shafer was entered into in 2016 (i.e. after January 1, 1986) [ECF No. 148]. It does not stipulate a legal rate of interest chargeable on damages following a breach. Accordingly, under Section 3289(a), with respect to the damages awarded by the Court for breach of contract (under either Section 3287(a) or (b)), the rate of prejudgment interest is 10 percent per annum on the damages after each breach.

2. **Tort.**

a. **The Applicable Interest Rate is Seven Percent.** For prejudgment interest awardable with respect to the Court's damages award for Shafer's breach of duty of loyalty, the proper rate is seven percent per annum under Article XV, section 1 of the California Constitution. (*Michelson v. Hamada,* 29 Cal.App.4th 1566, 1585 (1994); *Bullock v. Philip Morris USA, Inc.,* 198 Cal.App.4th 543, 573 (2011). Interest awarded can be either simple interest or compounded depending on the circumstances.

b. **Interest on the Tort Damages Should Be Compounded.** Where a fiduciary breaches her duties resulting in damages, an award of compound interest is warranted. In actions involving breach of fiduciary duties, an award of compound interest is appropriate. *Michelson*, *supra*, at 1587; (see generally *Baker v. Pratt,* 176 Cal.App.3d 370, 383-384 (1986) ["if the trustee is guilty of some positive misconduct or willful violation of duty, the court may award compound interest"].)

The duty of loyalty is derived from the fiduciary duty that an employee owes to her employer. An employee is deemed the agent of her employer while employed. The common law of agency . . . encompasses the employment relation. . . . Thus an employee, while employed, owes undivided loyalty to his employer. (*Fowler v. Varian Associates, Inc.,* 196 Cal.App.3d 34, 41 (1987)). "The duty of loyalty arises not from a contract but from a relationship — here, the relationship of principal and agent. Agency is "the fiduciary relationship that arises when one person (a `principal') manifests assent to another person (an `agent') that the agent shall act on the

principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." (*Rest.3d Agency*, § 1.01.) Where such a relationship arises, the agent assumes "a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship." (*Id.,* § 8.01.)  *Huong Que, Inc. v. Luu,* 150 Al.App.4th 400 (2007).

Because Shafer's breach of her duty of loyalty to Skyline was a fiduciary breach, it is appropriate under *Michelson* for this Court to award seven percent compounded interest on those damages.

### J.     Computation of Interest.

John Kawamoto, testified at trial as Skyline's expert on forensic accounting.  In the course and scope of his employment as a certified public accountant, Mr. Kawamoto regularly calculates interest accruals, both simple and compound.  Mr. Kawamoto has performed interest accrual calculations to compute the amount of prejudgment interest accrued on the damages award using various different rates and accrual periods described herein and in the applicable statutes. Skyline provides those calculation to the Court to assist it in making the prejudgment interest award to Skyline.  The calculations are each set forth in exhibits to Mr. Kawamoto's declaration filed with this motion and compute interest up to the date of the judgment (February 6, 2024).  The interest calculations are as follows:

| **Exhibit** | **Interest Rate** | **Accrual Commencement** |
| --- | --- | --- |
| A | 10% per annum – simple | From date of each loss (i.e. payroll dates) |
| B | 10% per annum – simple | From date of Shafer's termination of employment (September 18, 2018) |
| C | 10% per annum – simple | From date of Skyline's filing of the complaint (October 31, 2016) |
| D | 7% per annum – simple | From date of each loss (i.e. payroll dates) |
| E | 7% per annum – simple | From date of Shafer's termination of employment (September 18, 2018) |
| F | 7% per annum – simple | From date of Skyline's filing of the complaint (October 31, 2016) |
| G | 7% per annum compounded annually | From date of each loss (i.e. payroll dates) |
| H | 7% per annum compounded annually | From date of Shafer's termination of employment (September 18, 2018) |
| I | 7% per annum compounded annually | From date of Skyline's filing of the complaint (October 31, 2016) |

**K.     Amended Judgment.**

Skyline requests that the Court include in the amended judgment prejudgment interest on the breach of duty of loyalty claim at seven percent compounded annually (Kawamoto Dec., Ex. G). Skyline further requests that there be added to such aggregate interest the difference between such amount and the amount determined for the breach of contract interest calculated at 10 percent per annum (Kawamoto Dec., Ex. A). Skyline desires to preserve in the record the method used by the Court for its prejudgment interest award.

Finally, Skyline requests that in addition to the prejudgment interest awarded for the period through the date of entry of the original judgment (i.e. February 6, 2024), that the Court add to the prejudgment interest amount, the aggregate amount of daily interest accrued from the date of the entry of the original judgment to the date of entry of the amended judgment.

**III.    CONCLUSION**

Skyline requests that this Court amend its judgment to add mandatory prejudgment interest of **$467,853.17** comprised of: (a) **$398,040.37** of interest on the breach of duty of loyalty damages computed at seven percent per annum compounded annually computed from the date of each Skyline payment to or for Shafer, ***plus*** (b) the difference between such amount and the interest accrual on the contractual damages computed at ten percent annum simple interest from the same respective payment dates. Added to this total should be the aggregate of the daily prejudgment interest accruals of **$204.13** per day from the original judgment date to the amended judgment entry date (which is the daily amount of interest computed at ten percent per annum simple interest on the original damages award of $745,061.53 (i.e. $745,061.45 x .10/365) ***plus*** the damages previously awarded of $745,061.53 to bring the total judgment to $1,212, 914.70 ***plus*** the aggregate additional amount a daily interest accruals.

Dated: February 29, 2024

                Respectfully submitted,

                **THOITS LAW**

           By:     */s/ Stephen A. Dennis*
              Stephen A. Dennis
              **Attorneys for Skyline Advanced Technology Services**