IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLINE ADVANCED TECHNOLOGY SERVICES,<br><br>            Plaintiff,<br><br>     v.<br><br>SABRINA SHAFER,<br><br>            Defendant. | Case No. 18-cv-06641-CRB<br><br>**ORDER DENYING MOTION TO AMEND TO ADD PREJUDGMENT INTEREST** |

Following a bench trial in February of 2024, Plaintiff Skyline Advanced Technology Services has moved for prejudgment interest. See Mot. (dkt. 155). As explained below, the Court DENIES the motion.

## I.   BACKGROUND

Skyline sued Defendant Sabrina Shafer on October 31, 2018. See Compl. (dkt. 1). The complaint included claims for (1) breach of contract, (2) breach of fiduciary duty, (3) breach of the duty of loyalty, (4) fraudulent concealment, (5) fraudulent misrepresentation, (6) negligent misrepresentation, and (7) conversion. Id. Shafer then sued Skyline, and both cases were consolidated before this Court. See MSJ (dkt. 84) at 4.

Upon learning that Shafer had spoliated evidence, Skyline sought sanctions in both cases. See Motion for Sanctions (dkt. 48). Magistrate Judge Robert Illman found that Shafer had willfully and intentionally destroyed evidence. See R&R (dkt. 62). Judge Illman detailed Shafer's conduct, which included delaying the return of two Skyline laptops for over a month and then returning them with all of the data wiped, id. at 6, forwarding favorable emails to her personal email address, and deleting and destroying all

other evidence, id., being "less than cooperative" in her deposition, and claiming to know nothing about her suspicious document productions, id. at 7. Judge Illman found that "because of Shafer's destruction of documentary and electronic evidence, combined with her supposed inability to recall information or understand simple questions during her deposition, Skyline has been forced to rely to a great extent on third-party discovery to prepare its case-in-chief in the Skyline case and to prepare its defense in the Shafer case." Id. at 8. Judge Illman observed that Joe Onisick had testified that "every single communication with Ms. Shafer has been destroyed" and, like Shafer, that he did not know, recall, or understand many questions. Id. Judge Illman noted that

> a number of factors such as Shafer's status as a licensed attorney, combined with her unconscionable and uncooperative behavior at her deposition (seemingly doing everything in her power to frustrate Skyline's effort to conduct its examination, such as repeatedly feigning an inability to understand even the most simply phrased questions), the less-than-plausible explanations in her affidavit, and the overt and glaring inconsistencies between her deposition testimony and the statements in her sworn affidavit, lead the undersigned to find that Shafer's testimony is filled with half-truths and outright fabrications.

Id. at 17.

Judge Illman found that "both Shafer and Onisick deleted their text message and email communications with one another specifically to frustrate Skyline's efforts to conduct discovery and as part of a concerted effort to cover their evidentiary tracks." Id. at 18. Judge Illman further found that Shafer's claims about the laptops were not credible. Id. at 18–19. Judge Illman concluded that "the prejudice suffered by Skyline as a result of Shafer's willful destruction of evidence by replacing the hard drive on Skyline's laptop and by deleting all of the relevant but unfavorable emails and text messages in her possession was seriously [exacerbated] by what appears to be the concerted effort by Shafer and Onisick to stonewall Skyline's efforts to gather relevant facts and evidence through their depositions." Id. at 20. Judge Illman therefore recommended a terminating sanction for Shafer's case, and an adverse instruction (that the lost information was unfavorable to Shafer) for Skyline's case. Id. at 21–24. This Court adopted the Report

2

and Recommendation. See Order on R&R (dkt. 67).

In the related Shafer v. Skyline case, Shafer moved to set aside the judgment, "arguing that Skyline was not forthcoming in its Motion for Sanctions with regard to its ability to back up the data on Shafer's Skyline-issued laptop." See Order Denying Motion to Set Aside Judgment (dkt. 128 in Case No. 19-cv-787-CRB) at 1. This Court rejected Shafer's arguments, explaining:

> Even if the Court were to assume that Skyline could have restored or replaced the information on Shafer's Skyline laptop—which is wholly inconsistent with Skyline's actions, such as providing a hard drive for Shafer to back up the information on her computer and requesting that she preserve all evidence on her computer in anticipation of litigation—Shafer still willfully deceived the Court and willfully spoliated evidence—from her laptop and other sources. . . . Shafer, a lawyer, not only wiped the laptop of data after Skyline asked her to preserve all evidence, but also deleted all of her text message and email communications with Onisick and Xentaurs, offered conflicting testimony regarding the fate of the Skyline laptop and hard drive, and stonewalled Skyline in her deposition. . . .These actions are sufficient under the circumstances to support a dismissal of the case.

Id. at 12.[1]

Skyline then filed a motion for partial summary judgment, solely as to its breach of contract and breach of the duty of loyalty claims. See generally MSJ. The Court granted the motion but postponed the determination of damages. See Order Granting Summary Judgment (dkt. 98) at 19 ("Given the problems with calculating Skyline's damages at this point, the Court will postpone that undertaking."). The Court explained that there was a dispute of fact about "the no-commission deals Shafer negotiated for Skyline," and that "while the amount of Shafer's compensation throughout her employment at Skyline is no mystery, it is less certain when Shafer was acting disloyally toward Skyline." Id. at 16–17.

The Court held a bench trial in February of 2024, see Bench Trial - Begun (dkt. 143), and awarded disgorgement of $745,061.53, which represented the compensation that

---

[1] Shafer initially appealed that decision, and then voluntarily dismissed her appeal. See USCA Mandate (dkt. 131 in Case No. 19-cv-787-CRB).

1  Shafer received during the time periods that she was disloyal to Skyline.  Tr. of 2/6/24
2  (dkt. 148) at 378:22–24.  Because "the evidence regarding how much money Skyline
3  should have received for the pass-through deals was too speculative," the Court did not
4  award Skyline any damages in connection with those deals.  Id. at 379:1–5.

5  Now Skyline has filed, pursuant to Rule 59(e) of the Federal Rules of Civil
6  Procedure, a motion to amend judgment to add prejudgment interest.  See Mot.
7  Shafer responded on March 14, 2024.  See Opp'n (dkt. 162).  Skyline replied on
8  March 21, 2024.  See Reply (dkt. 165).  The Court vacated the motion hearing
9  pursuant to Civil Local Rule 7-1(b) and now decides this matter on the briefs.

## II.  LEGAL STANDARD

Rule 59(e) pertains to motions to alter or amend judgments.  Fed. R. Civ. P. 59(e). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances."  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  "'A district court has considerable discretion when considering [a Rule 59(e) motion].'"  Drumm v. Morningstar, Inc., 695 F. Supp. 2d 1014, 1017 (N.D. Cal. 2010) (quoting Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003)). There are four general circumstances when a court may grant a Rule 59(e) motion: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  "The clear error standard is significantly deferential and is not met unless the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'"  Cohen v. U.S. Dist. Ct. for N. Dist. of Cal., 586 F.3d 703, 708 (9th Cir. 2009) (quoting Concrete Pipe & Prods. v. Constr. Laborers Pension Tr., 508 U.S. 602, 623 (1993)).  A mistake occurs when the court's prior decision is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record."  United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009) (en

4

1   banc). A clear error does not exist solely because "another reasonable judicial body
2   'would have arrived at a different result.'" J&J Sports Prods., Inc. v. Juanillo, No. C-10-
3   01801 WHA, 2011 WL 335342, at *1 (N.D. Cal. Feb. 1, 2011) (quoting All. for the Wild
4   Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)).

**III.   DISCUSSION**

This order will discuss (A) the applicability of Rule 59(e), and (B) whether prejudgment interest is appropriate.

**A.   Rule 59(e)**

The Supreme Court has held that a postjudgment motion requesting prejudgment interest, whether discretionary or mandatory, constitutes a motion to alter or amend the judgment under Rule 59(e). Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989). "[A] postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" Id. at 174 (citations omitted). The Court in Osterneck held that "a postjudgment motion for discretionary prejudgment interest falls under Rule 59(e), because . . . 'prejudgment interest traditionally has been considered part of the compensation due plaintiff.'" McCalla v. Royal MacCabees Life Ins. Co., 369 F.3d 1128, 1130 (9th Cir. 2004) (quoting Osterneck, 489 U.S. at 175).

A party may request prejudgment interest in a 59(e) motion so long as that request is made no later than 28 days from entry of judgment. See Fed. R. Civ. P. 59(e). Here, the Court entered judgment on February 6, 2024, see Judgment (dkt. 146), and Skyline filed this motion 23 days later, on February 29, 2024, see Mot., so the motion is timely. The Court is not persuaded that Skyline's motion is otherwise improper under Rule 59(e).

**B.   Prejudgment Interest**

Because it is appropriate for Skyline to bring this motion under Rule 59(e), the Court must next determine whether to award prejudgment interest. "Prejudgment interest in a diversity action is . . . a substantive matter governed by state law." U.S. Fid. & Guar. Co. v. Lee Inv. LLC, 641 F.3d 1126, 1139 (9th Cir. 2011) (citing In re Exxon Valdez, 484

5

F.3d 1098, 1101 (9th Cir. 2007)) (quotation marks omitted).  Under state law, a "purpose of . . . prejudgment interest in general[] is to provide just compensation to the injured party for loss of use of the award during the prejudgment period—in other words, to make the plaintiff whole as of the date of the injury."  Lakin v. Watkins Assoc. Indus., 6 Cal. 4th 644, 663 (1993).  In California, both mandatory and discretionary prejudgment interest are governed by California Civil Code section 3287.

This section will discuss (1) whether Skyline provided adequate notice that it was seeking prejudgment interest, (2) whether mandatory prejudgment interest is appropriate, and (3) whether discretionary prejudgment interest is appropriate.

### 1. Notice

California courts have held that "[n]o specific request for interest need be included in the complaint; a prayer seeking 'such other and further relief as may be proper' is sufficient for the court to invoke its power to award prejudgment interest."  N. Oakland Med. Clinic v. Rogers, 65 Cal. App. 4th 824, 829 (1998) (citing Wegner, Civil Trials ¶ 17:194.1, ¶ 17.40.26; Segura v. McBride, 5 Cal. App. 4th 1028, 1041 (1992)).  Here, Skyline included in its complaint a sentence to the same effect.  See Compl. at 9 ("Skyline prays for judgment against Ms. Shafer as follows: . . . [f]or such other and further relief as the Court may deem proper.").  Therefore, Skyline met the notice requirement under California Civil Code section 3287.

Shafer argues that Skyline failed to "raise and present the issue of prejudgment interest at trial prior to the entry of judgment."  See Opp'n at 5 (citing Lamkin v. Portfolio Recovery Assocs., LLC, 2:18-cv-03071 WBS KJN, 2019 WL 6021944, at *1 (E.D. Cal. Nov. 14, 2019)).  However, the court in Lamkin did not explain why it concluded that the party did not ask for prejudgment interest.  See 2019 WL 6021944, at *1.  Moreover, other cases show that the request need only be minimal.  See, e.g., Segura, 5 Cal. App. 4th at 1041; Newby v. Vroman, 11 Cal. App. 4th 283, 286 (1992) (following Segura).

Skyline has cleared these other cases' low bar.

### 2. Mandatory Prejudgment Interest

California Civil Code § 3287(a) pertains to mandatory prejudgment interest. It provides that "[e]very person who is entitled to recover damages certain, or capable or of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . ." See Cal. Civ. Code § 3287. Skyline argues that prejudgment interest is mandatory here because damages were certain. Mot. at 6.

"'Damages are deemed certain or capable of being made certain . . . where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage.'" Diaz v. Kubler Corp., 785 F.3d 1326, 1329 (9th Cir. 2015) (quoting Leff v. Gunter, 33 Cal. 3d 508 (1983)). "California courts have reduced the issue of 'certainty' under § 3287(a) to two questions: (1) whether the debtor knows the amount owed or (2) whether the debtor would be able to compute the damages." Stonebrae L.P. v. Toll Bros., Inc., 521 F. App'x 592, 594 (9th Cir. 2013). "If the amount owing can be calculated and determined from statements rendered by the plaintiff to the defendant and those statements are found to be true and correct, it is a matter of mere calculation and prejudgment interest can be awarded." Conderback, Inc. v. Standard Oil Co. of Cal., W. Operations, 239 Cal. App. 2d 664, 690 (1966). Where damages "cannot be resolved except by verdict or judgment, [mandatory] prejudgment interest is not appropriate. Cataphora Inc. v. Parker, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012). To be clear, a dispute or "denial of liability does not make damages uncertain." U.S. Fid. & Guar. Co., 641 F.3d. at 1140. "The certainty required by section 3287(a) is not lost when the existence of liability turns on disputed facts but only when the amount of damages turns on disputed facts." Howard v. Am. Nat'l Fire Ins. Co., 187 Cal. App. 4th 498, 535–36 (2010) (emphasis added) (citing Olson v. Cory, 35 Cal.3d 390, 402 (1983)).

In its summary judgment motion, Skyline calculated that Shafer's earnings during the time periods in which Shafer was disloyal were $745,061.53. MSJ at 13. Skyline also

asked for an additional $70,000 based on breaches of contract from two Statements of Work. Id. In granting that motion, the Court did not award damages. See generally Order Granting Summary Judgment. Shafer's compensation during her employment at Skyline was known (such that, as Skyline states, "[t]hese amounts were known to Shafer and could have been calculated by her at any time after they were paid," Mot. at 6), but other material facts were not. The Court decided that a bench trial was necessary to ascertain damages, because (1) there was a dispute about the no-commission deals Shafer negotiated and whether those deals were a product of disloyalty or a product of Skyline's own directives, and (2) it was unclear when, during her employment, Shafer was acting disloyally to Skyline. See Order Granting Summary Judgment at 16–17; see, e.g., id. at 19 ("no basis to conclude, given the disputes of material fact, that the Second Time Period should cover March of 2018 to August 23, 2018."). The Court disagrees with Skyline's position that this was a simple "liability issue." See Reply at 9. Following summary judgment, Shafer's liability, broadly speaking, was not the question—it was how to compute the damages Shafer owed. See Diaz, 785 F.3d at 1329 (damages are certain "where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable"). Because damages could not be computed without a verdict or judgment, the amount of damages to which Skyline was entitled were not certain; prejudgment interest is therefore not mandatory under California Civil Code 3287(a). See Cataphora, 848 F. Supp. 2d at 1072.[2]

### 3. Discretionary Prejudgment Interest

California Civil Code section 3287(b) pertains to discretionary prejudgment interest. It provides that "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may

---

[2] Shafer also argues that section 3287(a) does not apply because it only applies to damages, and disgorgement of compensation is not damages under California law. Opp'n at 4 (citing Am. Career Coll., Inc. v. Medina, No. CV 21-00698 PSG (SKx), 2023 WL 8000273 (C.D. Cal. Oct. 6, 2023)). The Court need not reach this issue.

8

also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." California Civil Code section 3288[3] is similarly discretionary and provides that the trier of fact may award prejudgment interest "[i]n an action for the breach of an obligation not arising from contract, [a]nd in every case of oppression, fraud, or malice . . . ." Skyline argues that if the Court does not grant mandatory prejudgment interest, it should grant discretionary prejudgment interest under either section 3287(b), or section 3288, or both. Mot. at 7.

       The threshold question for 3287(b) prejudgment interest is whether the action arises in contract. Cal. Civ. Code 3287(b). Here, it appears that the action arose from Shafer's employment contract with Skyline. See Compl. at 5. However, the Court did not state whether the damages granted are contract or non-contract damages, and therefore it is not immediately clear which statute would apply. See generally Order Granting Summary Judgment (granting partial summary judgment on both the breach of contract and breach of the duty of loyalty claims). In any case, neither section supports granting discretionary prejudgment interest here.

       Under section 3287(b), courts are to weigh whether prejudgment interest is "reasonable in light of the factual circumstances of a particular case," balancing "the concern for fairness to the debtor against the concern for full compensation to the wronged party." Lewis C. Nelson & Sons v. Clovis Unified Sch. Dist., 90 Cal. App. 4th 64, 69 (2001). Some courts have looked at factors including (1) the time between the filing of the complaint and the time the judgment was entered, (2) whether the award of interest will penalize a party for litigating a bona fide dispute, and (3) whether the refusal of a party's settlement offer could be viewed "as placing the prejudgment interest amount at risk." A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 496–97 (1982).

---

[3] Shafer argues, without support, that section 3288 cannot apply to a breach of the duty of loyalty claim. Opp'n at 8. She also argues that because section 3288 has the same standard as punitive damages, damages under section 3288 are punitive, and therefore unavailable because the Court did not grant punitive damages. Id. Both arguments, as presently framed, are unpersuasive.

9

Under section 3288, the plaintiff may recover prejudgment interest at the discretion of the court in a case where there is "oppression, fraud, or malice." Cal. Civ. Code § 3288. The trial court's exercise of discretion "will be upheld if it is based on a 'reasoned judgment' and complies with the '. . . legal principles and policies appropriate to the particular matter at issue.'" Bullis v. Sec. Pac. Nat'l Bank, 21 Cal. 3d 801, 815 (1978) (quoting People v. Russel, 69 Cal.2d 187, 195 (1968) (superseded by statute on other grounds).

As to both, courts are to consider that "[t]he primary purpose of an award of prejudgment interest is to compensate the plaintiff for the loss of use of money during the period before the entry of judgment, in order to make the plaintiff whole." Bullock v. Philip Morris USA, Inc., 198 Cal. App. 4th 543, 573 (2011); see also BladeRoom Grp. Lim. v. Emerson Elec. Co., 20 F.4th 1231, 1249 (9th Cir. 2021) (prejudgment interest is intended "to compensate a party for the loss of his or her [p]property") (citing Bullis, 21 Cal. 3d at 815).

Skyline argues that the Court should award it prejudgment interest because, contrary to her assertions, see Opp'n at 7, "Shafer [is not being] penalized for litigating a bona fide dispute." Mot. at 8. In other words, because at "[e]very step of the way she was unsuccessful," Shafer's position was not bona fide. See id. The Court disagrees. While Shafer did not prevail, the Court found a trial necessary, and declined to award punitive damages. Moreover, the other two factors in A&M Produce Co., 135 Cal. App. 3d at 496–97, do not clearly favor Skyline. Much of the delay between the filing of Skyline's suit and the trial was due to the Court's own schedule, and that five-year span included the coronavirus pandemic. See Opp'n at 10–11. As to the refusal of a settlement offer, Shafer appears to have participated in settlement conferences leading up to trial and asserts that both parties "made settlement offers to one another leading up to the eve of trial." See id. at 7; Reply at 10.

Skyline also argues that the Court should award it prejudgment interest because Shafer's "behavior during the case was so abhorrent that she was sanctioned by having her

10

case dismissed," noting that "her trial testimony led to this Court's referral order to the Illinois State Bar." Mot. at 8. But prejudgment interest is "an element of compensation, not a penalty." See W. Pac. Fisheries, Inc. v. SS President Grant, 730 F.2d 1280, 1288 (9th Cir 1984). The reasons that Skyline states for its entitlement to prejudgment interest do not align with the purpose of prejudgment interest. No doubt, Shafer's conduct during this case was problematic. See, e.g., R&R. But because Shafer has already received significant sanctions for her pretrial conduct, see id. at 21–22, and because the Court has already ordered that she pay substantial damages, the Court will not make an additional discretionary grant of prejudgment interest.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Skyline's motion.

**IT IS SO ORDERED.**

Dated: April 24, 2024

CHARLES R. BREYER
United States District Judge